IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-949-BO

| | | |
|---|---|---|
| BRENDA DUDLEY TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL | ) | |
| *Acting Commissioner of Social Security,* | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings,

pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A hearing was held on these

motions before the undersigned on January 12, 2018, in Edenton, North Carolina. For the reasons

discussed below, the decision of the Commissioner is reversed.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 1383(c)(3) for review of the final decision

of the Commissioner denying her claim for disability insurance benefits ("DIB") under Title II of

the Social Security Act and supplemental security income ("SSI") under Title VXI of the Social

Security Act. Plaintiff previously filed an application for DIB on February 3, 2006, with an

alleged onset date of June 14, 2004. After an administrative hearing, the Administrative Law

Judge ("ALJ") denied her claim on October 19, 2011, finding that she could do sedentary work.

On February 20, 2013, plaintiff protectively filed the instant application for DIB and SSI,

alleging disability beginning on February 25, 2012. After initial denial and reconsideration, a

hearing was held before an ALJ on August 5, 2015. On September 4, 2015, the ALJ issued an

unfavorable ruling, finding that plaintiff was capable of performing her past relevant work. The

decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision

2

regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform her past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on her age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then she is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's bilateral shoulder arthrosis, degenerative joint disease of the knees, degenerative disc disease of the thoracic spine, chronic pain syndrome, gout, plantar fasciitis, tenosynovitis and obesity were considered severe impairments at step two, but were not found, alone or in combination, to meet or equal a Listing at step three.

The ALJ concluded that plaintiff had the RFC to perform light work with additional exertional limitations. The ALJ then found that plaintiff was able to perform her past relevant work as a Certified Nurse Aide ("CNA"). In doing this analysis, the ALJ addressed the fact that a CNA is a job with a medium RFC by finding that the job was light as applied to the plaintiff.

In the alternative, considering plaintiff's age, education, work experience, RFC, and testimony from the vocational expert ("VE"), there were other jobs that existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled within the meaning of the Act.

The ALJ's findings are unsupported by the record. To begin, the ALJ erred in finding that plaintiff could do her past previous work. This was based on a finding that her last CNA job could be classified as light work, despite CNA jobs' general classification. That job was not performed at the level of substantial gainful activity, which affects the definition of past relevant work. Tr. 38. But the primary reason plaintiff cannot do that past relevant work is because she cannot do light work, and the ALJ so finding is reversible error.

The ALJ erred in her failure to give proper weight to the RFC determination in plaintiff's prior Social Security case, where an ALJ limited her to sedentary work. An ALJ must consider a prior finding as evidence and give it appropriate weight in light of all relevant facts and circumstances. *Albright* AR 00-1(4). The passage of time between one period of disability and the next is extremely relevant. *See id.* Additional evidence not considered in the prior claim is also relevant. *Id.*

Here, the time between the previous ALJ's determination that plaintiff could only do sedentary work and this alleged period of disability is a very short span—a four month period from October 2011 to February 2012. In that time, according to this ALJ, plaintiff, despite her severe impairments, developed the ability to lift up to 20 pounds, frequently lift or carry objects weighing up to 10 pounds, and stand or walk for prolonged periods of time. *See* 20 C.F.R. §§ 404.1567(b); SSR 83-12. There is no evidence of this. In briefing, the Commissioner argued that previous severe impairments were "not diagnosed or treated" during this new alleged period, and

4

so finding a higher RFC was correct despite the previous ruling. [DE 18 at 17]. But at the hearing, the Commissioner argued that increased treatment plaintiff received during this period was evidence she was improving, thus justifying the higher RFC. Neither claim is supported by substantial evidence in the record, even if they were consistent with each other.

It is uncontested that claimants' abilities generally do not improve with age. *See, e.g., Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473 (4th Cir. 1999) ("The mere passage of time often has a deleterious effect on a claimant's physical or mental condition."). Plaintiff was 47 years old when her previous claim was denied. She is now 52. Under the Medical-Vocational Guidelines, individuals age 50-54 are found to be disabled when they are restricted to sedentary work under certain circumstances. 20 C.F.R. § Pt. 404, Subpt. P, App. 2. These circumstances apply here: plaintiff cannot perform her past work, she has no transferable skills, and has no recently completed education that would provide an on-ramp into sedentary work. *Id.* So, because the ALJ erred in determining plaintiff's RFC, and substantial evidence in the record indicates that plaintiff can only do sedentary work, plaintiff is disabled according to the Guidelines.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the

record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as plaintiff clearly has an RFC of sedentary, which due to her age and lack of transferable skills mandates a finding of disabled. The record properly supports such a finding. Accordingly, there is no benefit to be gained from remanding this matter for further consideration and reversal is appropriate.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED and defendant's motion for judgment on the pleadings [DE 17] is DENIED. The matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this **26** day of January, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE